Jason Crews
1515 N. Gilbert Rd 107-204
Gilbert, AZ 85233
602-295-1875
Jason.crews@gmail.com

*In propria persona*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews, | Case No.: CV-24-00366-PHX-GMS |
| Plaintiff, | |
| vs. | Plaintiff's Opposed Motion for Extension |
| First Family Insurance, LLC, *et al.* | of Time to File  Responsive Memorandum |
| Defendants. | to Defendants First Family Insurance, LLC |
| | and John Cosgriff's Motion to Dismiss |
| | Plaintiff Jason Crews' First Amended |
| | Complaint (Doc. 21) |

Plaintiff Jason Crews ("Plaintiff") respectfully moves this Court for a two week
extension of time to file a a responsive memorandum to Defendants First Family Insurance,
LLC and John Cosgriff's Motion to Dismiss Plaintiff Jason Crews' First Amended
Complaint (Doc. 21) ("MTD") for two weeks, until May 5, 2024 to allow time to file
Opposed Motion for Leave to File Plaintiff's Second Amended Complaint ("SAC Motion").
In support of this motion, Plaintiff states as follows:

*///*

1

**<u>Introduction</u>**

This motion seeks a two week extension of time to file a responsive memorandum in response to Defendants' MTD to provide Plaintiff time to file his SAC Motion.

**<u>Background</u>**

On May 9, 2024, Defendants filed their Motion to Dismiss Plaintiff Jason Crews' First Amended Complaint (Doc. 21).

On May 18, 2024, the parties met and conferred in preparation of Plaintiff's SAC Motion. During this meeting Mr. Roy Taub stated that they planned to oppose any motion to file a SAC.  Plaintiff then suggested a stay in the proceedings regarding their MTD on the grounds that should Plaintiff's motion be allowed, it would render Defendants MTD moot, and that it would not only be a waste of the resources of all the parties, but also waste the resources of the Court.  Mr. Taub stated he found that request reasonable and would confirm no later than May 20, 2024.  Mr. Taub did not respond on May 20, 2024. Plaintiff sent an email later that night to Mr. Taub who responded May 21, 2024, stating

> "we filed a motion to dismiss that complaint, and we think the best approach is to get a ruling from the Court on our motion to dismiss, rather than reset once again motion to dismiss practice to allow you to revise your allegations in response to every argument we make on a motion to dismiss. That you want to file a second amended complaint should not pause the briefing and consideration of the motion to dismiss."

On May 22, 2024, as soon as Plaintiff became aware of potential delays and his need for an extension, Plaintiff conferred with Defendants requesting additional time to the Local Rule 7.2(c) deadline for a responsive memorandum with the intent to file SAC motion. Despite Plaintiff granting a similar extension to Defendant's deadline to file Responsive pleadings, Defendants declined Plaintiff's request.

Given this impasse, Plaintiff now respectfully moves the Court for a two week extension to the Local Rule 7.2(c) deadline for a responsive Memorandum to

1) allow time for Plaintiff, a pro se Plaintiff with a full time job in addition to defending his rights against willful violators of TCPA, to amend his complaint; and

2) allow time for Plaintiff to receive a certified transcript of a telephone call in question which was ordered two weeks ago, but the vendor has not produced.

### Argument for Temporary Stay

**Efficiency and Judicial Economy:** Granting a temporary stay would serve judicial economy by potentially avoiding the need for this Court to address the same or similar issues twice, should the SAC Motion be granted. In fact, because Plaintiff's now unnecessarily oppose this motion, they now force the parties and Court to further expend unnecessary resources.

**Lack of Prejudice:** Defendants will not be prejudiced. If the Court were to Rule in Defendant's favor and not allow Plaintiff to file a SAC, *arguendo*, then Defendant's motion would need to remain unchanged for this Court to consider. No further action regarding Plaintiff's MTD would be required.

**Legal Standard:** Courts have inherent authority to manage their dockets and stay proceedings in the interest of saving time and effort for itself and for litigants. The proposed stay is intended to allow the Court sufficient time to consider motions that could significantly affect the scope and direction of the litigation, and allow Plaintiff the opportunity to respond accordingly.

### Conclusion

Given the potential impact of the SAC Motion on the proceedings and the agreement of the parties to the proposed stay, Plaintiff respectfully requests that this Court grant a temporary stay of proceedings related to the MTD until at least 21 days after a ruling is issued on the SAC Motion.

///

3

Dated this May 22, 2024.

/s/*Jason Crews*

Jason Crews

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

By: _____/s/*Jason Crews*_____

Jason Crews