SHARON A. URIAS (SBN 016970)
**GREENSPOON MARDER LLP**
8585 E. Hartford Drive, Suite 700
Scottsdale, AZ 85255
Tel. 602.726.0711
Fax 480.306.5459
Email: sharon.urias@gmlaw.com
       azdocket@gmlaw.com

JEFFREY A. BACKMAN (admitted *pro hac vice*)
ROY TAUB (admitted *pro hac vice*)
**GREENSPOON MARDER LLP**
200 East Broward Boulevard, Suite 1800
Ft. Lauderdale, FL 33301
Tel. 954.491.1120
Fax 954.213.0140
Email: jeffrey.backman@gmlaw.com
       roy.taub@gmlaw.com
       mary.torres@gmlaw.com
       cheryl.cochran@gmlaw.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason Crews,<br><br>                Plaintiff,<br><br>v.<br><br>First Family Insurance, LLC and John Cosgriff,<br><br>                Defendants. | No. 2:24-cv-00366-CDB<br><br>**DEFENDANTS FIRST FAMILY INSURANCE, LLC AND JOHN COSGRIFF'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS AND MOTION FOR EXTENSION OF TIME** |

**PRELIMINARY STATEMENT**

Plaintiff is a serial *pro se* plaintiff who commenced this action under the Telephone Consumer Protection Act on February 22, 2024. *See* Dkt. No. 1. He filed a First Amended Complaint ("FAC") as of right on April 10, 2024. *See* Dkt. Nos. 16 & 18. Defendants First Family Insurance, LLC ("First Family") and John Cosgriff filed a Motion to Dismiss the FAC for lack of personal jurisdiction and failure to state a claim for relief, which is supported by two declarations. *See* Dkt. Nos. 21-23. Rather than respond to that motion or obtain a decision from the Court advising Plaintiff how, if possible, to remedy any deficiencies in the Amended Complaint, Plaintiff wishes to stay "proceedings related to the MTD until at least 21 days after a ruling issued" on his request to file a Second Amended Complaint. This would avoid having Plaintiff's Amended Complaint subjected to motion to dismiss practice and instead allow Plaintiff *Pro Se* to file yet another complaint, asserting the same deficient claims against the same and *new* defendants that are not within this Court's personal jurisdiction, mooting Defendants' Motion to Dismiss only to restart the motion to dismiss practice. That would be prejudicial to Defendants and a waste of judicial and party resources, especially in the case of a *pro se* plaintiff who would stand to benefit from a ruling by the Court as to the numerous deficiencies in the FAC, including jurisdictional, and how, if at all, they may remedied. For the reasons set forth herein, the Court should deny Plaintiff's Motion for a Stay of Proceedings, (Dkt. No. 28), and Motion for Extension of Time to file a response to Defendants' Motion to Dismiss, (Dkt. No. 29).

**ARGUMENT**

Plaintiff's Motion for a Stay of Proceedings and Motion for Extension of Time essentially seek the same thing: a stay of proceedings related to Defendant's Motion to Dismiss until at least 21 days after a ruling is issued on a then-"soon to be filed" motion for leave to file a Second Amended Complaint, (Dkt. No. 31), *i.e.*, a motion that was not even on file when Plaintiff's two motions at issue here were filed. *See* Dkt. No. 28 at 3; Dkt. No. 29 at 3. Plaintiff's requests should be denied, and the filing of any Second Amended Complaint should wait until this Court rules on Defendants' Motion to Dismiss, including Defendants' well-supported arguments that:

(1) neither First Family nor Cosgriff is within the Court's personal jurisdiction, as they did not place or authorize the calls at issue, (2) Plaintiff fails to allege facts sufficient to state a plausible claim for personal liability against Cosgriff, First Family's Chief Executive Officer; (3) Plaintiff conclusorily alleges that whoever called him supposedly used equipment prohibited by the TCPA and Florida Telephone Solicitation Act, and no well-pleaded facts necessary to render his accusations plausible; and (4) Plaintiff fails to allege a requirement on a TCPA do-not-call claim, namely that he registered the telephone number.

First, it is unclear that a "stay of proceedings related to" a single motion, allowing the other party to file and have multiple of his motions considered, can be regarded as a stay of proceedings. Even then, on a motion to stay, the movant has the burden to "make out a clear case of hardship or inequity in being required to go forward . . . ." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). In deciding whether to stay a case, a court has to "weigh competing interests" and "maintain an even balance." *Id*. at 254-255. Plaintiff does not satisfy any of these requirements in seeking to sideline Defendants' Motion to Dismiss while he seeks leave to file a complaint that doubles down on the numerous deficiencies identified in the FAC. Plaintiff does not identify any hardship in having to respond to the Motion to Dismiss. He argues that judicial economy is served by granting his motions "by potentially avoiding the need for this Court to address the same or similar issues twice," (Dkt. No. 28 at 2; Dkt. No. 29 at 2), but that makes no sense. The Court would not be addressing any issue twice in deciding Defendants' Motion to Dismiss unless Plaintiff ignores the Court's ruling and re-asserts the same allegations or claims. At best, Plaintiff's request will simply postpone a ruling on the same arguments given the same deficiencies and lack of personal jurisdiction (in fact, even more given the proposed three new defendants) present in the proposed Second Amended Complaint, while requiring Defendants to respond to every single motion filed by Plaintiff.[1]

Second, Plaintiff's argument that "Defendants will not be prejudiced" also makes no sense because it only takes into account the lack of prejudice to Defendants if the Court **denies**

---

[1] Defendants will be submitting a separate opposition to Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint, Dkt. No. 31.

Plaintiff's Motions. *See* Dkt. No. 28 at 3; Dkt. No. 29 at 3. No one disputes that. But Defendants undertook efforts and devoted resources to briefing their arguments and submitting evidence in support of the jurisdictional challenge in their Motion to Dismiss. Those would all be mooted, and a new motion would need to be prepared and filed, if Plaintiff's motions are *granted*. Consistent with the view that "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," (*Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation omitted)), it would make more sense and be a better use of the Court's and the parties' resources for the Court to rule on Defendants' Motion to Dismiss and explain the deficiencies in the FAC that Plaintiff *Pro Se* can try to address in a further complaint. But nothing in Plaintiff's motions now would rule out yet another attempt by him to avoid motion to dismiss practice and seek another opportunity to file an amended complaint to try to address a new motion to dismiss. That kind of litigation practice would plainly be prejudicial to Defendants and a waste of judicial resources.

Finally, undersigned counsel for Defendants never stated that Plaintiff's requests were "reasonable," and the language that Plaintiff seems to have misunderstood was aimed at expressing that counsel understood why Plaintiff was making his requests, **not** that counsel agreed to them. As concerns the Motion for Extension of Time to file a response to Defendants' Motion to Dismiss, undersigned counsel made it very clear to Plaintiff that "if you needed more time to file an opposition brief, we would be agreeable to that," but because Plaintiff stated he would instead be seeking an extension of time of two weeks to file a motion for leave to file a second amended complaint, Defendants could not agree to *that* extension request.

## CONCLUSION

There is no good reason to delay, postpone, or moot Defendants' Motion to Dismiss, which raises incurable personal jurisdiction challenges and pleading deficiencies. Plaintiff should not be allowed to avoid motion to dismiss practice, nor would it be efficient or fair to Defendants to allow a *pro se* plaintiff to restart such motion practice with a complaint that

repeats and doubles down on those deficiencies and without the benefit of the Court's review and assessment.

DATED: June 4, 2024

Respectfully Submitted,

GREENSPOON MARDER LLP

*/s/ Roy Taub*
Jeffrey A. Backman (admitted *pro hac vice*)
Roy Taub (admitted *pro hac vice*)
200 East Broward Boulevard, Suite 1800
Ft. Lauderdale, FL 33301
Tel.  954.491.1120
Fax  954.213.0140
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com
mary.torres@gmlaw.com
cheryl.cochran@gmlaw.com

Sharon A. Urias (SBN 016970)
8585 E. Hartford Drive, Suite 700
Scottsdale, AZ  85255
Tel.  602.726.0711
Fax  480.306.5459
sharon.urias@gmlaw.com
azdocket@gmlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

*/s/ Roy Taub*
ROY TAUB