Jason Crews
1515 N Gilbert Rd Ste 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Jason Crews,<br><br>    Plaintiff,<br>vs.<br><br>First Family Insurance, Inc, *et al.*<br>    Defendants. | Case No.: CV-24-00366-PHX-GMS<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A STAY OF PROCEEDINGS AND MOTION FOR EXTENSION OF TIME<br><br>DEMAND FOR JURY TRIAL |

  Plaintiff submits this reply to Defendant's Opposition to Plaintiff's Motion for a Stay of Proceedings and Motion for Extension of Time. The following points clarify Plaintiff's intentions and the legal bases for the requests made:

  The Defendants' portrayal of Plaintiff as a "serial pro se plaintiff" is not only dismissive but also misleading. It suggests that Plaintiff's repeated victimization by harassing phone calls somehow diminishes the validity of his claims. This suggests that one should not be able to call the police because they have been robbed too many times. Such a stance seeks to limit the rights of victims while allowing perpetrators to continue their harmful behavior without consequence.

  Plaintiff's intent has consistently been to address any perceived deficiencies raised by Defendants in their Motion to Dismiss (MTD) through filing a Second Amended Complaint (SAC). This intent has been expressed multiple times to Defendants' counsel, and which they have consistently rejected out of hand by insisting that they believed there is no possibility their concerns could be addressed by filing a SAC, even before Plaintiff's SAC

REPLY- 1

was completed or before it could be reviewed by defendants.

Defendants' opposition falls into two broad categories and fails on both:

**Plaintiff has met the burden to "make out a clear case of hardship...".**

Plaintiff demonstrated a "clear case of hardship" by requesting additional time to amend the complaint, considering his responsibilities as a pro se litigant with full-time employment. The delay was also partially due to awaiting a certified transcript from a vendor (Dkt. No. 29 at 2 and Dkt. No. 29 at 3). Having now filed the motion for the SAC, no further time is needed for file Plaintiff's motion, and it is now within the Court's discretion to wither or not to grant the stay and determine the ramifications of that decision.

Additionally, the request to stay proceedings related to the MTD was well reasoned and aimed at conserving judicial resources and avoiding duplicative judicial efforts. This aligns with Plaintiff's expressed intent to prevent "the need for this Court to address the same or similar issues twice," (Dkt. No. 28 at 2; Dkt. No. 29 at 2).

**Plaintiff's Has a Legal Basis for the Stay**:

The *Landis* decision, as cited by Defendants *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); at 254-255) is not entirely applicable here as it pertains to staying one action in favor of another case where parties are not involved in both and if the stay where granted the parties faced the possibility of a stay for an indeterminate time while the second case is resolved. Here Plaintiff asks does not seek a stay while any other matter is decided, and requests for a stay of 21 days which is a far cry from indeterminate.

In any case, should the court find Landis instructive, Plaintiff would point out that Defendants only say "a court has to "weigh competing interests"" while neglecting to identify those interest or why those interests should be weighed in their favor (Doc. 32, at 2), and "has the burden to "make out a clear case of hardship or inequity in being required to go forward"...."(*Id.*).

Plaintiff would direct the court to *CFRD Research, Inc. v. Dish Network Corporation* which states:

REPLY- 2

> "In analyzing whether to grant the stay, the district court noted that the decision to stay an action lies within the sound discretion of the trial court. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Cost Bros. Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *First Am. Title Ins. Co. v. MacLaren, L.L.C.,* No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012). In the patent litigation arena, this power includes "the authority to order a stay pending conclusion of a PTO [review]." *Ethicon*, 849 F.2d at 1426-27. Central to the rationale providing for such discretion is that of the "court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros. Inc.*, 760 F.2d at 60-61 (citation omitted); see also *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).
>
> As explained by the district court, "[t]he following factors govern the court's stay analysis.
>
> (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set. *Bos. Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 788 (D. Del. 2011); see also *First Am. Title Ins.*, 2012 WL 769601, at *4."

In the present case:

**First Factor:** Granting the stay will not result in undue prejudice to the Defendants. If the Court grants Plaintiff's motion for a Second Amended Complaint (SAC) and Defendants perceive it as still deficient, they can readily renew their motion to dismiss using the same arguments and evidence previously gathered, which will not be rendered moot. This approach allows Defendants to evaluate the SAC and, if they find that the deficiencies have been addressed, it could potentially save them the unnecessary burden of litigating a mooted motion to dismiss. This ensures that their prepared efforts remain relevant and applicable, thus streamlining the judicial process and reducing redundant efforts.

**Second Factor**: The issue of trial simplification does not directly apply here as the stay does not complicate the issues but seeks to streamline them.

**Third Factor**: Discovery has yet to begin, highlighted by Defendants' refusal to engage in a Rule 26 conference proposed by Plaintiff, thus favoring a stay to better organize the forthcoming stages of this litigation.

**Conclusion**

In conclusion, the Plaintiff respectfully requests that the Court grant the Motion for a Stay of Proceedings, allowing for an orderly and efficient review and response to all pending and forthcoming motions in this case.

RESPECTFULLY SUBMITTED on this June 5, 2024.

                                                  */s/Jason Crews*
                                                Jason Crews

REPLY- 4

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

By: _____/s/*Jason Crews*_____
      Jason Crews

REPLY- 5