MOYES SELLERS & HENDRICKS
Cody J. Jess (025066)
Joshua T. Greer (025508)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2141
cjess@law-msh.com
jgreer@law-msh.com

**ATHERTON GALARDI MULLEN & REEDER PLLC**

PETER J. MASKOW (pro hac vice)
Florida Bar No. 91541
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone: (561) 293-2530
Facsimile: (561) 293-2593
E-mail: pmaskow@athertonlg.com
scott@athertonlg.com
e-service@athertonlg.com

*Counsel for Defendant Ryan Anthony Lopez*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>First Family Insurance, LLC; First Family Insurance Agency, Inc.; John Cosgriff; Ryan Anthony Lopez; and Kenneth Grushoff,<br><br>　　　　Defendants. | Case No.: 2:24-cv-00366-GMS<br><br>**DEFENDANT RYAN ANTHONY LOPEZ'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>*Oral Argument Requested* |

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6),[1] Defendant Ryan Anthony Lopez ("Lopez") moves to dismiss Plaintiff Jason Crews' Second Amended Complaint ("SAC") [Dkt. No. 41] with prejudice. This Motion to Dismiss is more fully supported by the following Memorandum of Points and Authorities, Lopez's Declaration ("Declaration") attached as **Exhibit 1**, and the entire relevant record in this proceeding.

---

[1] The Certification required by Local Rule 12.1(c) is submitted herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Having already twice amended his Complaint, Plaintiff added Lopez (along with other, already-dismissed defendants) as a party to this action in his operative SAC in a futile attempt to state a claim. Plaintiff's minimal, confusing, and contradictory allegations against Lopez are insufficient to either support the exercise of jurisdiction over him or to state a claim against him and, consequently, the claims against Lopez should be dismissed.

Plaintiff's only allegations against Lopez, a Florida resident, center on a single phone call in which Lopez is alleged to have talked to Plaintiff. SAC at 3:4-6, 17-20. Plaintiff alleges that interaction began with a phone call from a person named "Brian," continued with the transfer of the call to another person named "Andrew" and, ultimately, resulted in an incoming call Lopez answered connecting Lopez with Plaintiff. SAC ¶¶ 38-39; SAC Ex. 1 at 26:7; *see also* Decl. ¶ 7. Plaintiff then alleges only that he had a brief conversation with Lopez to "establish[] the identity of the callers" and to request to be placed on a "do-not-call list." SAC ¶¶ 40-41, 43. While Plaintiff alleges that he sent emails to Lopez (SAC ¶¶ 54, 56-57), that Lopez is employed by First Family Insurance, LLC ("First Family") and John Cosgriff ("Cosgriff"), neither of those allegations do anything to advance the exercise of jurisdiction over Lopez or to state a claim against him (having simply received an incoming call in Florida). And Plaintiff's bare-bones, non-specific, conclusory statements about Lopez in Plaintiff's effort to assert vicarious liability against First Family and Cosgriff likewise do state a plausible claim. SAC ¶¶ 103-109, 116. For these reasons and those that follow, the SAC should be dismissed as against Lopez, with prejudice.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal of claims against a party for lack of personal jurisdiction. "Where a defendant moves to dismiss a complaint

2

for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). A "nonspecific conclusory statement is not enough" to satisfy that burden. *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (citations omitted). Stated differently, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (citations omitted).

The Court may consider written materials, and in opposing such a motion, the "plaintiff cannot simply rest on the bare allegations of its complaint," but must make at least "a prima facie showing of jurisdictional facts." *Schwarzenegger*, 374 F.3d at 800 (citations omitted); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The "Arizona long-arm statute provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (citations omitted). Thus, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800-801.

**B.     Motion to Dismiss for Failure to State a Claim**

"[T]o survive a motion to dismiss" under Rule 12(b)(6), "a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-80. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. LEGAL ARGUMENT

### A. **Plaintiff Fails to Demonstrate that Exercise of General Jurisdiction Over Lopez is Appropriate**

Plaintiff concedes that he makes no general jurisdictional allegations against either Defendants Cosgriff or First Family. *See* Pl.'s Resp. to First Family and Cosgriff's Mot. to Dismiss at 5:5-7 [Dkt. No. 53]. Given that Plaintiff's jurisdictional allegations against all Defendants are set forth in only one paragraph of the SAC (¶ 11), there is no reason to believe that Plaintiff seeks to convey general jurisdiction over Lopez. Notwithstanding that, the Supreme Court has stated that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there," and that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Plaintiff admits in his SAC that Lopez is "a Florida resident." SAC ¶ 10. While it is true that "domicile" goes beyond where a person resides, there is no contention in this case that Lopez is domiciled in any other place. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Lopez confirms not only that he is a "resident" of the state of Florida, but that he intends to remain in Florida indefinitely and intends to return to his home there. Decl. ¶¶ 2-5. Thus, there can be no dispute that the exercise of general jurisdiction over Lopez is improper.

### B. **Plaintiff Fails to Demonstrate that Exercise of Specific Jurisdiction Over Lopez is Appropriate**

Absent general jurisdiction, Plaintiff must demonstrate that the exercise of specific personal jurisdiction over Lopez is appropriate. He cannot do so. Specific jurisdiction permits a court to hear a particular case that "arises out of or relates to the defendant's

4

contacts with the forum." *Daimler*, 571 U.S. at 127. The Ninth Circuit has established a three-prong test for this evaluation:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* (citation omitted). Only if Plaintiff meets his burden on these first two prongs does the burden shift to Lopez to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (cleaned up).

In order to determine whether Plaintiff has satisfied the first prong of the above test, in cases like this one, courts analyze the facts under the three-part test in *Calder v. Jones*: "that the defendant allegedly ha[s] (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Here the only allegations related to Lopez are that he was connected on a call with Plaintiff, after the call was transferred to him from "Andrew," and after the call was transferred to "Andrew" from "Brian." SAC ¶¶ 38-39; SAC Ex. 1 at 26:7. **Lopez himself did not initiate the call – he received it as <u>an incoming call</u>**. Decl. ¶ 7. Put simply, Plaintiff does not (and cannot) allege that Lopez made any call to him in violation of the Telephone Consumer Protection Act ("TPCA"). Plaintiff has failed to allege any intentional act aimed at Arizona that caused him harm and, consequently, has failed to satisfy the purposeful direction prong of the specific jurisdiction test.

5

1	For the same reason, Plaintiff cannot satisfy the second prong of the specific jurisdiction test, that "the claim … arises out of or relates to the defendant's forum-related activities." *Schwarzenegger*, 374 F.3d at 802. Again, Plaintiff does not and cannot allege that Lopez called him, and Plaintiff makes no other allegations of Lopez's forum-related activities. The Ninth Circuit has explained that the second prong "is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (citation omitted). Because Lopez did not initiate contact with the forum state, the second prong of the test is likewise not satisfied.

Further, Plaintiff's scant allegations about Lopez do not include a contention – and certainly do not include a sufficiently specific plausible allegation – that an agent made a call on Lopez's behalf implicating the TCPA. To the extent Plaintiff now posits that an agent (or sub-agent) acted on Lopez's behalf, subjecting him to specific personal jurisdiction, Plaintiff has failed to establish any agency with respect to Lopez. Lopez fully incorporates the arguments made in First Family and Cosgriff's Motion to Dismiss ("Dismissal Motion") [Dkt. No. 46] regarding agency at Section II(B)(2), and their Reply Brief in Support of their Dismissal Motion ("Reply") [Dkt. No. 54] at Section I(B). Additionally, Lopez expressly confirms that no calls were made to Plaintiff by any agent of Lopez. Decl. ¶ 8.

Here, Plaintiff does not and cannot adequately plead that Lopez committed the basic act of making a call to give rise to the causes of action he alleges. "For a person to 'make' a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-CV-03315-PJH, 2018 WL 288055, *4 (N.D. Cal. Jan. 4, 2018) (citing *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014)). As explained above, Plaintiff does not and cannot allege that Lopez did either. Thus, having failed to satisfy either of the first two prongs of the specific jurisdiction test set forth by the Ninth

Circuit, Plaintiff has failed to demonstrate that the exercise of personal jurisdiction over Lopez is proper. Consequently, this action should be dismissed.

### C. Plaintiff Fails to State a Cause of Action Against Lopez

Alternatively, even were this Court to find that exercise of personal jurisdiction over Lopez is proper, this action must nevertheless be dismissed because Plaintiff fails to state a claim against Lopez. Plaintiff has not plausibly pleaded that any call was "made" by Lopez. Each of the counts[2] of Plaintiff's SAC requires the making of a call as an essential element of stating a claim. *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (element of TCPA claim includes that "the defendant called a cellular telephone number"); 47 U.S.C. § 227(b)(1)(A-B) (prohibiting "making" or "initiating" specified calls); 47 U.S.C. § 227(c)(F) (prohibiting "making or transmitting" specified calls); Fla. Stat. § 501.059(8)(a) (prohibiting making or knowingly allowing a sales call to be made). With respect to the count brought under 47 U.S.C. § 227(c)(3)(F), Plaintiff can only bring a private right of action when there is "more than one telephone call within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5). Here, Plaintiff fails to plausibly plead that even a single call was made by Lopez, or that Lopez otherwise authorized the making of a call.

Lopez further moves to dismiss the SAC pursuant to Rule 12(b)(6) for the same reasons set forth in Section III of the Dismissal Motion and in Section II of the Reply. As set forth in the Dismissal Motion and Reply, dismissal with prejudice in these circumstances is warranted.

### IV. CONCLUSION

WHEREFORE, for the reasons set forth above and in First Family and Cosgriff's Dismissal Motion and Reply incorporated herein, Lopez respectfully requests that the

---

[2] Lopez is uncertain in which, if any, counts of Plaintiff's SAC he is intended to be named as a defendant as Plaintiff only alleges, without specificity, that "Defendant" or "Defendants" are liable under each. In an abundance of caution, therefore, Lopez moves to dismiss each count as if he were named therein.

1 | Court enter an order dismissing Plaintiff's SAC as to him, with prejudice.

2 |     DATED <u>20th</u> day of March 2025.

ATHERTON GALARDI MULLEN & REEDER PLLC

-and-

MOYES SELLERS & HENDRICKS LTD

By <u>*/s/ Cody J. Jess*</u>
    Cody J. Jess
    Joshua T. Greer
    *Counsel for Defendant Ryan Anthony Lopez*

8

**CERTIFICATION PURSUANT TO L.R. Civ 12.1(c)**

The undersigned hereby certifies that, in accordance with Local Rule 12.1(c), on March 18, 2025, before filing Defendant Ryan Lopez's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"), Mr. Lopez notified Plaintiff Jason Crews of the issues asserted in the Motion via email and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party.

Dated: <u>March 20, 2025</u>.

<u>/s/ Peter J. Maskow (pro hac vice)</u>

# EXHIBIT 1

```
MOYES SELLERS & HENDRICKS
Cody J. Jess (025066)
Joshua T. Greer (025508)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2141
cjess@law-msh.com
jgreer@law-msh.com
Local Counsel for Defendant Ryan
Anthony Lopez
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | Case No.: 2:24-cv-00366-GMS |
| Plaintiff, | |
| vs. | **DECLARATION OF RYAN ANTHONY LOPEZ** |
| First Family Insurance, LLC; First Family Insurance Agency, Inc.; John Cosgriff; Ryan Anthony Lopez; and Kenneth Grushoff, | |
| Defendants. | |

STATE OF FLORIDA     )
                     ) ss.
COUNTY OF BROWARD    )

I, Ryan Anthony Lopez declare under penalty of perjury that:

1. My name is Ryan Anthony Lopez. I am over the age of 18, am competent to furnish this declaration, and do so based upon my knowledge of the statements made herein.

2. I reside in Tamarac, Florida.

3. I have resided in Tamarac, Florida for 31 years.

4. I own a home in Tamarac, Florida.

5. Upon leaving, I intend to return to my home in Tamarac, Florida, have no home in any other state, and have no intentions to reside or remain permanently in any other state at this time.

6. I did not make any outgoing telephone call to Jason Crews.

7. I received the call in which I am alleged to have interacted with Jason Crews in the Complaint as an incoming call.

8. No calls were made to Jason Crews by any person acting as my agent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20 day of March, 2025.

Bryan Anthony Lopez   3/20/25