MOYES SELLERS & HENDRICKS
Cody J. Jess (025066)
Joshua T. Greer (025508)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2141
cjess@law-msh.com
jgreer@law-msh.com

**ATHERTON GALARDI MULLEN
& REEDER PLLC**

PETER J. MASKOW (pro hac vice)
Florida Bar No. 91541
1641 Worthington Road, Suite 100
West Palm Beach, Florida 33409
Telephone: (561) 293-2530
Facsimile: (561) 293-2593
E-mail: pmaskow@athertonlg.com
scott@athertonlg.com
e-service@athertonlg.com

*Counsel for Defendant Ryan
Anthony Lopez*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>First Family Insurance, LLC; First Family Insurance Agency, Inc.; John Cosgriff; Ryan Anthony Lopez; and Kenneth Grushoff,<br><br>　　　　　Defendants. | Case No.: 2:24-cv-00366-GMS<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>*Oral Argument Requested* |

Defendant Ryan Anthony Lopez ("Lopez") files this reply in support of his Motion to Dismiss ("Motion") [Dkt. No. 58] Plaintiff Jason Crews' ("Plaintiff") Second Amended Complaint ("SAC") [Dkt. No. 41]. Plaintiff's response to the Motion ("Response") [Dkt. No. 61] constitutes his third attempt to save his complaint from dismissal. Because the SAC does not articulate a basis for exercising personal jurisdiction over Lopez or an actionable claim against him, the Court must dismiss the SAC with prejudice.

. . .

## I. PRELIMINARY STATEMENT

The Response would rewrite the SAC to bolster the scant allegations against Lopez. Plaintiff posits that his SAC portrays Lopez as a robust participant in a "coordinated telemarketing scheme," not just the twice-removed transferee of a telephone call that the SAC alleges. He cannot marshal his generalized, conclusory, non-specific allegations to attribute Lopez to anything more than the recipient of a call from "Andrew," who himself was the transferee of a call from "Brian."

Where, as here, a "defendant moves to dismiss by filing affidavits or declarations refuting the jurisdictional allegations in a complaint, the plaintiff may not rest on those allegations and must support them with the plaintiff's own affidavits or evidence." *Star & Crescent Boat Co., Inc. v. Sunsplash Marina LLC (In re Star & Crescent Boat Co., Inc.), 549 F. Supp. 3d 1145, 1154 (S.D. Cal. 2021)*. While Plaintiff did file a declaration ("Declaration") with his Response [Dkt. No. 60], that Declaration confirms that the Court must dismiss this matter against Lopez. Specifically, Plaintiff's Declaration states that he received a call and was "eventually transferred to an individual who identified themselves as Ryan Lopez." Decl. ¶ 7. Absent from Plaintiff's Declaration and the SAC is any evidence of agency or control by Lopez over Andrew, Brian, or anyone else. Because Plaintiff's SAC and Declaration make clear that Lopez was solely the transferee of a single telephone call, this Court must dismiss this action against Lopez for lack of personal jurisdiction or for failure to state a claim against Lopez.

## II. LEGAL ARGUMENT

### A. Plaintiff Concedes General Jurisdiction is Inapplicable.

The Response concedes that Plaintiff is not seeking the Court to extend general personal jurisdiction over Lopez. Resp. at 4:20-22.[1] Therefore, the personal jurisdiction

---

[1] While the Response references Defendants John Cosgriff and First Family Insurance in this paragraph, as the Response is directed solely to Lopez's briefing, Lopez assumes this reference is merely a typographical error.

inquiry is limited to whether Plaintiff has satisfactorily evidenced that this Court's exercise of specific jurisdiction over Lopez is proper.

### B. The Exercise of Specific Jurisdiction Is Improper.

The main thrust of Plaintiff's Response is his argument that Lopez "was an integral part of a coordinated telemarketing scheme." Resp. at pp. 5-7. Essentially, Plaintiff argues that jurisdiction is proper over "all participants" in such a "coordinated scheme." In support of this argument, Plaintiff cites to *Ott v. Mortg. Investors Corp. of Ohio*, 65 F. Supp. 3d 1046 (D. Or. 2014). *Ott* is inapposite, however, because the individual defendants that were the subject of the plaintiff's complaint there held managerial roles in their corporate co-defendant; they were the Chairman of the Board, the Chief Executive Officer, the President of Operations and Information Technology, and the Chief Corporate Counsel. *Ott, Inc.*, 65 F. Supp. 3d at 1054. In its discussion, the Oregon District Court found the exercise of personal jurisdiction proper where the plaintiff alleged that "the individual defendants purposefully directed their activities to Oregon because they formulated, directed, implemented, and ratified a telemarketing scheme aimed at all 50 states." *Id.* at 1057.

The allegations of the SAC against Lopez are materially different. The SAC merely alleges that Lopez was connected on a call with Plaintiff after the call was transferred to him from "Andrew" which was transferred from "Brian." SAC ¶¶ 38-39; SAC Ex. 1 at 26:7. Moreover, unrefuted statements in the Declaration make clear that Lopez received the call as an incoming call, that he did not make any call to Plaintiff, and that no calls were made on his behalf by any person acting as his agent. Mot. Ex. 1, ¶¶ 6-8. Notwithstanding, Plaintiff attempts to stretch the definitions of words in the Telephone Consumer Protection Act ("TCPA") to shoehorn in his claims against Lopez.

"For a person to 'make' a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Pascal v. Agentra, LLC*, No. 19-CV-02418-DMR, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019). In the Response, Plaintiff suggests that the terms "make," or "initiate" are

broad enough to encompass Lopez, citing an FCC Compliance Guide from 2015, which itself cited a Declaratory Ruling issued by the FCC in the *Dish Network* proceedings. Resp. at 6:10-12 (citing FCC 15-72, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135, ¶ 29 (2015)). However, what the FCC said in the *Dish Network* Declaratory Ruling makes clear that Lopez cannot be held accountable for having made or initiated the call at issue here:

> We conclude that a person or entity "initiates" a telephone call when it takes the steps necessary to physically place a telephone call, and **generally does not include persons or entities** … **that might merely have some role, however minor, in the causal chain** that results in the making of a telephone call.

*In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (Tcpa) Rules*, 28 F.C.C. Rcd. 6574, 6583 (2013) (emphasis added). The FCC elaborated: "a construction of the statute that concludes that a seller always initiates a call that is made by a third party on its behalf would entirely collapse the distinction, reflected in our current rules, between seller and telemarketer." *Id.* Because Lopez was merely a recipient of a transferred call from Brian and Andrew, he was a minor player in the causal chain. Therefore, Plaintiff has failed to demonstrate that Lopez directly made a telephone call subject to the TCPA or the Florida Telephone Solicitation Act ("FTSA").

  **C.**  **Other Unpleaded Acts Do Not Subject Lopez to Personal Jurisdiction or Liability.**

Without a direct call from Lopez, Plaintiff focuses on trying to find other acts on which to premise this Court's jurisdiction. Notably, Plaintiff's analysis in his Response confuses the use of the purposeful availment and the purposeful direction tests. The Ninth Circuit has observed that availment and direction are different concepts applied in different circumstances: availment applies in contract cases, and direction applies in cases sounding

4

in tort. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "Claims for violation of the TCPA sound squarely in tort and require application of the purposeful direction analysis." *Born v. Celtic Mktg. LLC*, No. 8:19-cv-01950-JLS-ADS, 2020 WL 3883273, at *3 (C.D. Cal. May 20, 2020) (citing *Moser v. Health Ins. Innovations, Inc.*, No. 3:17-cv-1127-WQH-KSC, 2018 WL 325112, at *3 (S.D. Cal. Jan. 5, 2018) (collecting cases); *Abedi v. New Age Med. Clinic PA*, No. 1:17-cv-1618 AWI SKO, 2018 WL 3155618, at *2 n.2 (E.D. Cal. June 25, 2018)); *see also Winters v. Grand Caribbean Cruises Inc.*, No. CV-20-00168-PHX-DWL, 2021 WL 511217, at *3 (D. Ariz. Feb. 11, 2021). Therefore, Plaintiff is incorrect to the extent that he seeks to have this Court analyze specific jurisdiction under the purposeful availment test. *See* Resp. at 7:26-8:25.

Under the purposeful direction test, Plaintiff must demonstrate that Lopez "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. First, Plaintiff contends that Lopez is subject to jurisdiction in Arizona because his maintenance of an insurance license there indicates the requisite purposeful direction. Resp. at p. 7. However, Lopez's licensure does not warrant the exercise of personal jurisdiction because it does not intentionally and individually target Plaintiff. *See, e.g.*, *Parnell Pharm., Inc. v. Parnell, Inc.*, No. 5:14-cv-03158-EJD, 2015 WL 5728396, at *4 (N.D. Cal. Sept. 30, 2015) (finding business registration in California does not satisfy purposeful direction test to warrant exercise of specific personal jurisdiction). Nor does Lopez make those allegations in the SAC, which instead focuses on the single telephone call Lopez allegedly had with Plaintiff. SAC at 3:4-6, 3:17-20.

Plaintiff also points to an after-the-fact text message from Lopez to establish personal jurisdiction. Resp. at 7:7-15. Plaintiff further claims that the text message on which he bases his argument constitutes a separate "call" that, when combined with Lopez's participation in the December 9 telemarketing call, satisfies the multiple call requirement of § 227(c)(5). Resp. at 10:10-15. Again, Plaintiff fails to cite this text message

5

as a basis for liability in the SAC. Indeed, Plaintiff's Response demonstrates that he could not do so because the text is not a basis for asserting personal jurisdiction or liability. Plaintiff's reliance on *Luna v. Shac, LLC*, 122 F. Supp. 3d 936, 937 (N.D. Cal. 2015), to support his point is misplaced. There, the District Court awarded summary judgment to a TCPA defendant because the text message at issue involved human intervention. *Id.* at 941-42. It is evident that the text message here likewise involved human intervention and is similarly non-actionable. SAC at pp. 29-30.

Plaintiff's argument further ignores the fact that he solicited the sending of the information in the text message. *Id.* Again, as Plaintiff's case law makes clear, his argument could only apply if it involved an **unsolicited** text message. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (noting TCPA's application to "unsolicited, automated calls" and affording text messages the same treatment). Here, the solicited, human-sent, unpleaded text message Plaintiff references in his Response cannot be the basis for asserting personal jurisdiction over Lopez.

### D. **Plaintiff Fails to Allege Vicarious Liability Against Lopez.**

Without a direct call from Lopez to point to, Plaintiff returns to his catch-all theory of personal jurisdiction to make a last-ditch effort to argue that Lopez is vicariously liable for the call at issue. Resp. at pp. 6-7. Plaintiff's allegations, however, fall woefully short. As the Ninth Circuit has held, "[A] defendant is vicariously liable for violations of the TCPA where common law principles of agency would impose it." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018). In support of his argument that Lopez is vicariously liable for Brian's call, Plaintiff cites *Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2022 WL 4088205, at *6 (W.D. Tex. Sept. 6, 2022). But in *Callier*, the named individuals were the CEOs of entities on whose behalf Plaintiff alleged the call was made, and even there, the allegations fell short concerning one of the named CEOs. *Id.* Plaintiff's reliance on *United States v. Pollution Abatement Servs. of Oswego, Inc.*, 763 F.2d 133, 134-35 (2d Cir. 1985) is similarly unhelpful, as that case construes the

6

permissibility of vicarious liability claims for corporate officers and is inapplicable to Lopez. Here, the SAC merely alleges Lopez is the twice-removed transferee of a telephone call. Plaintiff's case law and argument do not support the extension of vicarious liability in the circumstances alleged.

And what the SAC does allege is insufficient to establish any vicarious liability for Lopez. Critically, the SAC fails to "distinguish between entities when setting out the challenged conduct" and instead are a "word salad of allegations" that "ma[k]e it impossible to analyze the extent to which [Lopez] may have had an agency relationship with another entity that could subject it to specific personal jurisdiction." *Winters v. Grand Caribbean*, No. CV-20-00168-PHX-DWL, 2021 WL 511217, *5 (D. Ariz. Feb. 11, 2021). Absent are any allegations that Lopez had "the right to substantially control its [agent's] activities,' which is a fundamental tenet of an agency relationship." *Id.* at *6 (citing *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024-25 (9th Cir. 2017)). Without any allegations of control, the SAC's conclusory allegations are insufficient to establish an agency relationship. *Winters*, 2021 WL 511217 at *6. Without any direct calls from Lopez or any calls for which Lopez is vicariously liable, the Court must dismiss the SAC for lack of personal jurisdiction over Lopez.

### E. Plaintiff fails to Plausibly Plead Multiple Calls Made by Lopez.

Finally, Plaintiff contends that the SAC states a cause of action because the SAC details twelve calls, eleven of which come from the number Brian dialed him on, presenting a sufficient number of calls under the TCPA and FTSA. Turning back to his broad "all participants" theory, Plaintiff cites the Ninth Circuit's *Gomez* opinion. But there, the Ninth Circuit simply held that "[t]he TCPA imposes vicarious liability where an agency relationship, as defined by federal common law, is established between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. 2014), *aff'd but criticized*, 577 U.S. 153 (2016), *as revised* (Feb. 9, 2016). The case does not stand for the broad proposition of applicability to "all participants in an integrated telemarketing

operation," as Plaintiff alleges. Resp. at 10:6-7. *Gomez* only recognizes the application of vicarious liability if an agency relationship is established. As argued above and in the Motion, Plaintiff does not make sufficient allegations of agency concerning Lopez to attribute those calls to him under a vicarious liability theory.

Plaintiff's reference to the text message between Lopez and him as supplying an additional call for liability purposes is also misplaced, not only because it was human-generated and solicited, but also because Plaintiff did not plead the text message as part of his claim.

Plaintiff's reliance on *Gager* to ask for the construction of the TCPA in his favor is also inapposite. Resp. at p. 10 (citing *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013)). *Gager* considered whether the TCPA permitted revocation of consent by consumers despite the statute's silence on revocation. *Id.* Lopez is not asking this Court to apply a "formalistic" construction of the TCPA but is only seeking the application of basic pleading principles and patently clear statutory requirements as to the actionable threshold of made calls.

Finally, while conceding that Lopez himself did not make any of the subject calls, Plaintiff attempts to hold Lopez liable for each of them because "[i]t is not unreasonable to assume that Plaintiff **could have been connected to Lopez** on any of the other calls." Resp. at 10:23-25 (emphasis added). But this statement – even were it part of Plaintiff's SAC – falls short of plausibly pleading that Lopez "made" or "initiated" any of the other calls Plaintiff identified. Indeed, these are the precise sorts of allegations that fail to meet the standards articulated in *Iqbal*, where the Supreme Court held:

> The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Therefore, because Plaintiff does not plead that Lopez made more than one offending telephone call to him allegedly violating the TCPA and FTSA, the Court must dismiss the SAC against Lopez.

### F. Amendment would be Futile, Especially Where Plaintiff has Offered No Proposed Facts.

Plaintiff's bare-bones request for yet another amendment to his complaint – without any suggestion as to how he might remedy his pleading – should also be denied. Plaintiff's Declaration concedes that Lopez did not make an offending call, and Plaintiff has failed multiple times to allege any plausible agency theory to support his claims. Leave to amend the SAC against Lopez is not required because it would only serve as an exercise of futility and unduly prejudice Lopez. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Moreover, leave to file yet another complaint is inappropriate where Plaintiff "has already amended [his] complaint twice, and has not specified what other facts [he] would add to address the deficiencies in [his] complaint." *Bell v. Wells Fargo Bank, NA*, 663 F. App'x 549, 553 (9th Cir. 2016) (affirming denial of leave to file amended complaint).

### III. CONCLUSION

The relevant facts in the record before the Court make clear that Lopez did not make or initiate a call to Plaintiff but was instead "eventually transferred" onto a phone call with him, and that Lopez did not exercise control over an agent making any call to Plaintiff. Plaintiff has failed to allege or come forward with any adequate basis for exercising jurisdiction over Lopez and has failed to state a claim against him otherwise. Further leave to amend would be futile given Plaintiff's inability in his Response to identify additional facts that would support Lopez's liability if given the opportunity to amend. Accordingly, Lopez respectfully requests that the Court deny Plaintiff's request for leave to amend (again) and dismiss the SAC as to Lopez with prejudice.

. . .

. . .

. . .

. . .

. . .

DATED 8th day of April 2025.

ATHERTON GALARDI MULLEN & REEDER PLLC

-and-

MOYES SELLERS & HENDRICKS LTD

By /s/ *Cody J. Jess*
    Cody J. Jess
    Joshua T. Greer
    *Counsel for Defendant Ryan Anthony Lopez*